IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JENNIFER MCCARTHY, as**
**Independent Administrator of the**
**Estate of Allan J. McCarthy,**
**deceased,**

**Plaintiff,**

**v.**

**CESSNA AIRCRAFT COMPANY,**
**Defendant,**                                                                 No. 02-CV-1240-DRH

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court for docket control and for clarification of the Court's Order regarding GARA.  On July 15, 2005, the Court granted Cessna's motion to exclude evidence of allegedly defective seat-locking mechanism and its components of the accident aircraft as protected by the General Aviation Revitalization Act of 1994 ("GARA") (Doc. 117).  As stated in the Court's prior Order, GARA is a statute of repose and it shields aircraft and component part manufacturers from claims that arise *more* than 18 years *after* the aircraft was first sold or 18 years *after* a component, part, system, subassembly was added to the aircraft.  **Caldwell v. Enstrom Helicopter Corp., 230 F.3d 1155, 1156 (9th Cir. 2000)**.  For clarification purposes, McCarthy may talk about and introduce evidence

as to the following parts of the accident aircraft: (1) seat rails for both the pilot and co-pilot's seats (the last time these parts were replaced was July 23, 1999 - approximately 19 months prior to the accident));[1] (2) rollers, bushings, and washers for the pilot's seat (these were replaced on June 23, 1995); and (3) rollers, bushings, and washers for the co-pilot's seat (these parts were replaced on January 12, 1996)[2]. Since these parts were replaced, the 18 year statute of repose begins anew and are not GARA protected. To be clear, any component, system or subassembly or other part replaced *after* February 21, 1983 is not protected by GARA and may be introduced at trial.

However, McCarthy may not talk about or submit any evidence at trial regarding any *original* component, system, subassembly, or other part that was aboard the accident aircraft when it crashed as they fall under the realm of GARA. These parts include the seat locking pins, seat rail tangs and the seat-latching springs that were aboard the accident aircraft. There is no record that these parts were replaced and McCarthy concedes that there is "no evidence that the steel pins or springs had been replaced within eighteen years of the February 21, 2001 accident…" Further, any part replaced *prior* to February 21, 1983 are also GARA protected. To be clear, any *original* component, part, system or subassembly or other part and/or any component, system, subassembly, or other part replaced

---

[1] The seat rails for the pilot's seat were replaced twice prior to July 23, 1999: on March 10, 1987 and on March 22, 1995.

[2] The rollers for the co-pilot's seat were also replaced on December 30, 1999.

*before* February 21, 1983 is GARA protected and may not be introduced at trial.

Further, on July 18, 2005, Cessna moved for leave to file its summary judgment motion regarding evidence excluded by this Court via the General Revitalization Act of 1994 (Doc. 119).  In light of this motion, the Court **CANCELS** the Final Pre-Trial Conference set for Friday, July 22, 2005.  The Court **ALLOWS** McCarthy to respond to Cessna's motion for leave by Friday, July 29, 2005 and Cessna up to and including August 3, 2005 to file its reply.

**IT IS SO ORDERED.**

Signed this 20th day of July, 2005.

/s/   David RHerndon
**United States District Judge**